867 So.2d 1047 (2004)
Lorenzo WHITE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00717-COA.
Court of Appeals of Mississippi.
January 6, 2004.
Rehearing Denied March 9, 2004.
*1048 Lorenzo White, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. In 2001, Lorenzo White pled guilty to possession of marijuana with intent to distribute. His subsequent petition for post-conviction relief was denied. The trial judge made this decision without reviewing any evidence, such as the plea petition or the transcript from the plea hearing. Since we have nothing on which to determine the validity of the denial of relief, we reverse and remand for further proceedings.
¶ 2. In December 1999, Lorenzo White's two cousins were arrested for possession of marijuana. They informed authorities that they had received the marijuana from White. White was arrested, indicted, and in January 2001 pled guilty to possession of marijuana with intent to distribute.
¶ 3. The indictment of July 2000 is in the appellate record, but we do not have copies of any orders in this case prior to those of June 2001. According to subsequent orders and the briefs on this appeal, White's sentence in January 2001 was to serve two years in the custody of the Mississippi Department of Corrections. He was sent to a program in Atlanta, Georgia to receive drug treatment and rehabilitation. In March 2001, White escaped from the facility and returned to his home in Mississippi. He was arrested on June 1. On June 4, 2001, White was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. This sentence was on the original possession of marijuana with intent to distribute charge for which he had five months earlier been given a two year sentence that sent him to drug rehabilitation.
¶ 4. White's motion for post-conviction relief was denied without a hearing on February 27, 2003. He alleged that his plea was not voluntarily and knowingly given since he did not know that he could be required to serve a twenty-five year sentence if he did not complete drug rehabilitation. He further argues that he received ineffective assistance of counsel and a disproportionate sentence, and that despite his guilty plea he never had constructive possession of marijuana.

DISCUSSION
Guilty Plea
¶ 5. A uniform rule sets out the procedure to be followed by the trial judge in taking a guilty plea:
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
URCCC 8.04(3).
¶ 6. The trial judge is to determine whether the plea is voluntarily and intelligently given. The plea is accepted only when the judge is able to question the defendant to his satisfaction to determine that the plea is properly given. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
*1049 ¶ 7. A voluntarily and intelligently entered plea is one in which the defendant was advised about the nature of the crime charged and the consequences of the guilty plea. Goss v. State, 730 So.2d 568, 573 (Miss.1998). In order to address the issue of whether or not White's plea was voluntarily and knowingly given, it is necessary that we have some evidence as to what White was told. His plea petition might suffice if it contains assertions by White and information on the matters otherwise necessary to show a knowing and voluntary plea. A transcript from the plea hearing would also be proper evidence. Neither of these is before us.
¶ 8. White claims that his attorney advised him that he would receive a short sentence of drug rehabilitation and that he was not advised that the court could impose a twenty-five year sentence if he did not complete the rehabilitation program. If that is true, then there are issues of voluntariness that would need then to be addressed. Of less importance is that White states he had previously turned down an eight year plea offer. This allegedly proves that he would have opted to go to trial instead of pleading guilty to an arrangement that could lead to a twenty-five year sentence. We do not find White's conclusion on the latter point necessarily to follow from his factual premise.
¶ 9. As of now, there is no evidence before us regarding the defendant's guilty plea. The judge who denied the motion for relief stated in his order that White had been thoroughly questioned at his plea hearing, that he understood the consequences of the plea, and that he knew the maximum and minimum punishments for the crime. The judge said that the court had "specifically admonished this Petitioner that if he failed to complete his programs, the Court would `send him to the penitentiary.'" We do not know if this was based on the trial judge's recollections, though it appears that a different circuit judge took the guilty plea, or whether there was some other source.
¶ 10. When a trial court has denied a petition for post-conviction relief, this Court will examine whether the denial is clearly erroneous. The trial judge's obligation is to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack" in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000).
¶ 11. The records indicate that Judge Gray Evans took the plea from White in January 2001. On February 27, 2003, Judge Richard Smith denied the motion for post-conviction relief stating that the plea was "knowingly and voluntarily given and facially correct." It does not appear in the records how Judge Smith made this decision without reviewing the transcript of the plea hearing or the plea petition. It is for this reason that we must reverse and remand for proceedings that create a sufficient record for appellate review.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.