864 So.2d 1005 (2004)
Tyrone GARNER, Appellant,
v.
STATE of Mississippi, APPELLEE.
No. 2003-CP-00303-COA.
Court of Appeals of Mississippi.
January 27, 2004.
*1006 Tyrone Garner, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. The Panola County Circuit Court dismissed the petition for post-conviction relief submitted by Tyrone Garner after finding the allegations in the petition lacked merit. Aggrieved, Garner filed this appeal, arguing his guilty plea was involuntary and ineffective assistance of counsel. We disagree and affirm the decision of the circuit court.

*1007 FACTS
¶ 2. On January 14, 2000, Tyrone Garner entered pleas of guilty to one charge of burglary of an inhabited dwelling and one charge of forcible rape. The written plea agreement indicated that, in exchange for the plea, the State would forsake its right to seek a life imprisonment sentence on the rape charge and recommend that whatever sentences were imposed should run concurrently. After questioning Garner, the circuit court accepted the pleas and sentenced Garner to twenty-five years' imprisonment on the burglary charge and thirty-nine years for the rape.
¶ 3. Garner filed a petition for post-conviction relief in August 2002 on the grounds previously stated. The trial court found Garner's plea had been voluntarily made and no evidence supported the claim of ineffective assistance. On appeal, Garner presses these same two issues as well as attempts to introduce a third never raised before the lower court.

1. Involuntary plea
¶ 4. Garner claims that he was ignorant of several important factors before entering his guilty plea. Specifically, he claims he was misled as to the probable sentencing, his sentences are improper because they amount to a life sentence, and he was never advised that a guilty plea waived several constitutional rights. The second claim we will address separately.
¶ 5. In order for a guilty plea to pass constitutional muster, it must represent a knowing, intelligent and voluntary waiver of certain constitutional rights by the defendant. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant must know of his right to confront his accusers, right to a jury trial, and right against compulsory self-incrimination. Id. at 243, 89 S.Ct. 1709. An on-the-record determination by the trial court is one method of establishing that the defendant's waiver of his rights was constitutionally valid. Chunn v. State, 669 So.2d 29, 32 (Miss.1996).
¶ 6. In this case, the plea transcript shows the trial court thoroughly explained each of the rights at issue. What the trial court did not do was end each of these explanations with the explicit question as to whether Garner chose to waive that right. While that is certainly the preferred method, the record did otherwise capture Garner's acknowledgment of waiver. The transcript includes the court's questioning about Garner's understanding of the written plea agreement signed by Garner on every page. The court ascertained that Garner could read adequately, that he did in fact read the document, that he understood the contents and had an opportunity to discuss the agreement with counsel. The agreement explicitly notes the rights to be waived and the agreement to waive them. The plea agreement is a part of the record and contradicts Garner's contention of ignorance. This assignment of error is without merit.

2. Excessive sentence
¶ 7. Throughout his brief to this court, Garner argues his sentence was improper for a variety of reasons. The heart of the argument, however, is that the aggregation of the two sentences for a total of sixty-four years exceeds Garner's actuarial life span and thereby constitutes an improperly imposed life sentence. Garner never raised this argument in the trial court and we are therefore not required to address it for the first time on appeal. Patterson v. State, 594 So.2d 606, 609 (Miss.1992). However, because the question has certain constitutional dimensions, we will discuss it.
*1008 ¶ 8. As an habitual offender, the court was required to impose the maximum sentence on the burglary charge. Miss.Code Ann. § 99-19-81 (Rev.2000). In the case of burglary of an inhabited dwelling, the maximum penalty is twenty-five years' imprisonment. Miss.Code Ann. § 97-17-23 (Rev.2000).
¶ 9. Statute provides for life imprisonment for those found guilty of forcible rape if prescribed by a jury. Miss.Code Ann. § 97-3-65(3)(a) (Rev.2000). If the jury fails to affix the punishment of life, the matter is left to the court to affix a penalty at its discretion. Id. This discretion, however, is not absolute. When the authority to impose a life sentence lies with the jury alone, the court's discretion is limited to a term of something less than life. Erwin v. State, 557 So.2d 799, 801 (Miss.1990).
¶ 10. Garner does not claim that the sentences individually exceed statutory boundaries but rather that, because the court found his life expectancy was 39.2 years, the total number of years he must serve equates to a life sentence the trial court was without authority to render. This argument has previously been addressed by the supreme court. Each of the sentences imposed upon Garner stand alone and are made without respect to each other. Id. at 803. The sentence of thirty-nine years is something less than Garner's projected life span. That his sentences are to run consecutively rather than concurrently is one of the many hazards of committing multiple crimes.

3. Ineffective assistance of counsel
¶ 11. Finally, Garner argues his attorney failed to render professionally competent representation. He argues the following: counsel misled him into believing he would receive a sentence less than life; counsel failed to investigate; failed to object to the sentences; failed to object to an illegally obtained confession; failed to put on evidence to contradict the State's evidence of habitual offender status; and unduly influenced him to plead guilty.
¶ 12. We review claims of ineffective assistance of counsel based upon a two-part inquiry: (1) whether counsel's performance was deficient; and (2) whether that deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance is evaluated by whether counsel's advice falls outside objective parameters of professional reasonableness. Id. at 687-88, 104 S.Ct. 2052. Prejudice is measured by whether the result of the proceedings would have been different but for counsel's deficiency. Cole v. State, 666 So.2d 767, 775 (Miss. 1995). ¶ 13.
¶ 13 We have already discussed the validity of the sentences imposed. With respect to the claim that counsel failed to investigate, Garner provides no evidence or even assertions of what exactly counsel should have investigated or how such an investigation would have impacted his case favorably. This does not meet the requirement that a petitioner allege with specificity and detail the claimed ineffective assistance and how such actions, or inactions, prejudiced him. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990).
¶ 14. Garner also argues that counsel failed to object to the use of an illegally obtained confession. Garner asserts he was never advised of his Miranda rights before giving the statement. We make no finding as to whether the confession given by Garner was illegally obtained. Even were this true, however, Garner waived the right to complain of this error by standing in open court and proclaiming his guilt. Tollett v. Henderson, *1009 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). He cannot thereafter raise independent claims of constitutional violations which occurred prior to the entry of his guilty plea. Id.
¶ 15. Garner claims defense counsel failed to put on evidence to challenge the State's evidence of habitual offender status. Again, Garner provides no evidence of any form to suggest that the State's evidence was invalid or what defense counsel should have done differently to challenge the record of Garner's prior convictions. Garner had the opportunity at the plea hearing or upon receipt of the indictment to complain that the record contained errors but did not do so.
¶ 16. Finally, Garner claims he was unduly influenced by counsel to enter a plea of guilty. Although he is rather unclear on this point, Garner appears to be saying that he was unduly influenced because defense counsel promised he would receive a sentence of less than life imprisonment if he pled guilty. Again, Garner provides no evidence or allegations of undue influence, coercion, threats or promises of leniency. It is the duty of the defense counsel to offer opinions and act as legal advisor to the client. Bolton v. State, 831 So.2d 1184, 1189 (¶ 17) (Miss.Ct. App.2002). In the absence of any coercive behavior, counsel did not act incorrectly for offering an opinion which, in light of the State's agreement to forgo life imprisonment, was based on more than reasonable probability.
¶ 17. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DISMISSING PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.