LEE, J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 17, 2002, Shirley Smith was indicted by the grand jury of Pike *1097 County on two counts of arson. Smith pled guilty to both counts, and on April 19, 2002, Judge Mike Smith sentenced her to fifteen years on each count, with seven years to serve on each count and the remaining eight to be served in post-release supervision. The two seven-year sentences were to be served concurrently, and the two eight-year periods of post-release supervision were to be served consecutively. Smith was also ordered to make restitution for the damages she caused. Aggrieved with her sentence, Smith timely petitioned the trial court for post-conviction relief. Judge Smith denied the motion without a hearing, and it is from this denial that Smith now appeals.
¶ 2. In her appeal, Smith argues the following five points of error: (1) that because the crime was a crime of passion, she should have pled “not guilty by reason of temporary insanity;” (2) that “the plea was involuntarily made during interrogation of investigators; cause for self-incrimination;” (3) that she was provided ineffective assistance of counsel, specifically counsel failed to investigate and present mitigating evidence during sentencing; (4) that the sentencing was based upon perjured testimony; and (5) that the second offense of arson should have been only a lesser-included offense because only the porch of the house was burned.
STANDARD OF REVIEW
¶ 3. When a trial court has denied a petition for post-conviction relief, this Court will examine whether the denial is clearly erroneous. White v. State, 867 So.2d 1047, 1049(¶ 10) (Miss.Ct.App.2004). The trial judge must review the “original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack” in resolving the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000).
DISCUSSION OF ISSUES
I. TEMPORARY INSANITY DEFENSE
¶ 4. Smith argues that her emotional state at the time of the crime warrants a plea of “not guilty by reason of temporary insanity.” Smith argues:
[f]rom all the pressures, the sufferings, and heartaches in Mrs. Smith’s life, the reality of the fact that her trusted fiancé [sic] was sleeping with another woman ... was just too much for her to bare [sic] causing her to have a relapse in the mind, suffering blackouts and memory loss. In the mental and emotional state Mrs. Smith was in could not be held responsible for her actions.
¶ 5. Smith also argues that the court should have heard testimony regarding her mental state and her “emotional and mental disorders” and that such testimony would have resulted in a plea of not guilty by reason of temporary insanity.
¶ 6. Quite bluntly, diminished capacity is not a defense to a criminal charge in this state. Cannaday v. State, 455 So.2d 713, 720 (Miss.1984). “[I]f a person, when sober, is capable of distinguishing between right and wrong and voluntarily intoxicates or drugs himself to the extent that he does not know or understand his actions, e.g., steals, robs, or murders, he is responsible and he may be convicted and sentenced for the crime.” Smith v. State, 445 So.2d 227, 231 (Miss.1984). Not only is the issue without merit, it is procedurally barred from consideration, as Smith failed to raise this defense at the time she pled guilty. Miss.Code Ann. § 99-39-21(1).
II. WHETHER SMITH’S PLEA WAS VOLUNTARY
*1098 ¶ 7. In this assignment of error Smith argues that her plea was not voluntarily made and that her rights under the Fifth Amendment were violated by the investigating officers.
¶ 8. Smith argues that “[the investigators] pressured and pried and threatened, and frightened me into confession. Without the advice or presence of an attorney.”
¶ 9. The Uniform Rules of Circuit and County Court Practice require that a plea be intelligently and voluntarily made.
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
URCCC 8.04(3).
¶ 10. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is deemed “voluntary and intelligent” only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). To resolve this issue, this Court must have information regarding the plea, that is, evidence as to whether or not Smith was informed of her right not to testify against herself, the effect of her guilty plea, and whether or not she felt she had been adequately represented by counsel. This information is found in the transcript of Smith’s guilty plea.
¶ 11. Judge Smith states in his order that “[tjhis court adjudicated that Shirley Smith voluntarily and intelligently entered her plea of guilty.” The record before this Court reflects this finding. Smith signed the petition to plead guilty, and the petition clearly and thoroughly enumerates Smith’s rights under the United States Constitution. Additionally, Judge Smith asked Smith, under oath, “Has anyone threatened, abused, or promised you anything to cause you to want to plead guilty?” Smith responded, “No, sir.” Judge Smith inquired of Smith, “Are you pleading guilty because you are guilty and for no other reason?” Shirley Smith responded, “Yes, sir.” Claims by the petitioner, even if supported by affidavit, that are contradicted by the record of the plea acceptance hearing may be disregarded by the trial court. McCuiston v. State, 758 So.2d 1082(¶ 9) (Miss.Ct.App.2000). Smith’s claims that she was forced to confess to her crimes is contradicted by the record of her plea hearing. This assignment of error is without merit.
III. SMITH’S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
¶ 12. Smith argues that she was inadequately represented by her attorney because he “fail[ed] to investigate and present mitigating evidence [in accordance with] Miss.Code Ann. 99-19-101(6) when determining the petitioner’s sentence.” Allegations of ineffective assistance of counsel must be made with specificity and detail. Garner v. State, 864 So.2d 1005, 1008(¶ 13) (Miss.Ct.App.2004). “[I]n order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course.” King v. State, 503 So.2d 271, 275 (Miss.1987).
¶ 13. Smith writes that two mental health professionals were “willing to be summoned to speak on my behalf, but [my *1099 attorney] would not summon them. They are both mental health counselors who has [sic] a record of my history and could have made a great difference in the outcome of my case.” First, Smith is incorrect in relying on Mississippi Code Annotated Section 99-19-101(6). That section of the code pertains to mitigating evidence presented to a jury in capital cases. The maximum punishment for arson is twenty years in the penitentiary. Miss.Code Ann. § 97-17-1 (Rev.2000). Arson is clearly not a “capital crime” as defined by Mississippi Code Annotated Section 1-3-4, (Rev. 1998) which limits capital crimes to crimes punishable by death or imprisonment for life in the state penitentiary.
¶ 14. Second, Smith’s proposition regarding the two mental health professionals and their willingness to testify on her behalf lacks evidentiary support as required under Mississippi Code Annotated Section 99-39-9 (Supp.2003). “A petition that fails to incorporate an affidavit attesting to facts outside the personal knowledge of the petitioner fails to meet the statutory requirement for post-conviction relief motions.” Jefferson v. State 855 So.2d 1012, 1014(¶ 11) (Miss.Ct.App.2003). Additionally, Smith’s plea of guilty waived any evidentiary issues. Id. Thus, Smith’s argument that her counsel was ineffective for failing to subpoena these mental health professionals lacks merit on its face, and the trial court did not err in denying an evidentiary hearing on this issue.
IV. SMITH’S CLAIM THAT THE SENTENCING WAS BASED ON PERJURED TESTIMONY
¶ 15. In support of this assignment of error, Smith recounts that at her sentencing the “plaintiffs” were present and Smith thinks “it is wrong that they had the recommendations for my sentencing and they didn’t press any charges.” Smith further states that “after the judge had spoke (sic) with [one of the victims], his whole attitude and everything changed dramatically towards me. He stated that I was a very mean and terrible person. And that he had to give me some time in prison.” Smith further states that she did not know what the victims told the judge, however she knows that the victim would tell the judge lies.
¶ 16. As discussed in Section III, Smith’s allegations of perjured testimony are not sufficient to require a hearing under Mississippi Code Annotated Section 99-39-9. The trial court did not err in denying an evidentiary hearing on this issue.
V. LESSER-INCLUDED OFFENSE ARGUMENT
¶ 17. Smith argues that the second charge of arson should be considered a lesser-included offense to the first count of arson because “the second plaintiffs property received only a minimum to hardly any damage, done only to the front porch which resulted only in a thousand dollars worth of damage.” Construing this argument as an attack on the validity of the indictment, this Court is mindful that a substantive defect in an indictment cannot be waived by entry of a guilty plea and may be raised in a motion for post-conviction relief. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). However, non-substantive defects in the indictment curable by amendment and not requiring further grand jury action may be waived if not timely raised. Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995). Entry of a guilty plea is, itself, an act of waiver of all defects in the indictment that could have been cured by amendment. Foster v. State, 716 So.2d 538(¶5) (Miss.1998); Brandau, 662 So.2d at 1055.
¶ 18. Smith pled guilty to two counts of arson in violation of Mississippi Code An *1100 notated Section 97-17-1. That section provides:
Any person who willfully and maliciously sets fire to or burns or who causes to be burned ... any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto ... shall be guilty of arson in the first degree.
Miss.Code Ann. § 97-17-1 (Rev.2000).
¶ 19. “A ‘lesser-included offense’ is defined as ‘one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense.’ ” Cannaday, 455 So.2d at 724 (quoting Black’s Law Dictionary, p. 812 (5th ed.1979)). The burning of the second dwelling is not a lesser-included offense of the first count of arson. Both crimes share the same elements: the willful or malicious burning of a house or any “kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto.... ” The statute makes no exception for “minimum to hardly any damage, done only to the front porch” as Smith would have this Court to believe. The indictment clearly charged Smith with committing the setting of fire to two separate dwellings, and Smith pled guilty to the two separate offenses. The burning of one dwelling constituted one act of arson. The burning of the other dwelling, no matter how slight the damage, constituted another act of arson. The indictment was not defective, and Smith has failed to show any substantive defect in the indictment. This assignment of error lacks merit.
¶ 20. Because none of Smith’s assignments of error have merit, this Court finds that the trial court did not err in denying Smith’s motion for post-conviction relief.
¶ 21. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.