¶ 1. David Claude Busby appeals the Clarke County Circuit Court's denial of his motion for post-conviction relief. Finding no error, we affirm the denial.
 FACTS AND PROCEDURAL HISTORY ¶ 2. On June 30, 2004, Busby was indicted for fondling a nine-year-old girl in Wayne County, Mississippi. He was also indicted for the sexual battery of the same child on February 24, 2005, in Clarke County, Mississippi.
 ¶ 3. The cases were consolidated, and Busby pleaded guilty to the lesser offense of lustful touching of a minor on March 7, 2005. The petition to enter a guilty plea and the transcript of the guilty plea proceeding reveal that Busby was advised of his legal and constitutional rights, the consequences of entering a guilty plea, and the minimum and maximum sentences imposed for the crime. The trial court found that Busby knowingly and voluntarily waived his rights. On March 10, 2005, the trial court sentenced Busby to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections with eight (8) years suspended, seven (7) years to serve, and five (5) years supervised probation.
 ¶ 4. On May 5, 2006, Busby filed a motion for post-conviction relief. The trial court denied Busby's motion, stating that the mere confusion over whether Busby would remain out on bond pending sentencing is not the type of deficient advice that would render counsel ineffective. Aggrieved, Busby timely filed this appeal.
 ¶ 5. On appeal, Busby argues the following: (1) he was denied effective assistance of counsel; (2) his guilty plea was involuntary; (3) he is entitled to an evidentiary hearing on these matters; and (4) there was not an adequate factual basis to accept his guilty plea.
 STANDARD OF REVIEW ¶ 6. An appellate court will not disturb a lower court's denial of a petition for post-conviction relief unless it is clearly erroneous. Smith v. State, 806 So.2d 1148,1150(3) (Miss.Ct.App. 2002). When questions of law are raised the standard of review is de novo. Brown v. State,731 So.2d 595, 598(6) (Miss. 1999).
 ANALYSIS I. Whether the trial court erred in failing to find that Busby's conviction must be vacated on the ground that he was denied effective assistance of counsel. *Page 227 
 ¶ 7. Busby argues that he received ineffective assistance of counsel because his trial counsel failed to inform him of all parts of his plea agreement. Specifically, Busby argues that his counsel failed to explain that he had to surrender himself to authorities on the day he entered his plea, and he maintains that he would not have pleaded guilty if he had known this.
 ¶ 8. To establish a claim of ineffective assistance of counsel, the client must prove: (1) that his attorney's performance was deficient and (2) that it prejudiced the defense of his case. Osborn v. State, 695 So.2d 570, 575
(Miss. 1997). "There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. An appellate court will find that counsel's performance was deficient "only where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different." Id.
 ¶ 9. Busby fails to show how his counsel's performance was ineffective and how this prejudiced his defense. It is clear from the guilty plea petition and the transcript of the guilty plea proceedings that counsel provided competent and reasonable professional assistance during all stages of the guilty plea proceedings. The mere fact that Busby was confused about whether he had to surrender himself to authorities as soon as he entered his guilty plea is of no consequence as shown by the transcript of the guilty plea proceedings:
 BUSBY: Well, it was my understanding that I would stay out of jail until my sentencing.
 THE COURT: Well, they are now saying they don't have an agreement to that effect. You would be placed into custody today. Does that change your mind in any way?
 BUSBY: I don't reckon.
 ¶ 10. Therefore, we find that the trial court did not err when it denied Busby's ineffective assistance of counsel claim as he fails to show that he received deficient advice which prejudiced his defense.
 II. Whether the trial court erred by failing to find that Busby's guilty plea was entered involuntarily by coercion and ill advice of counsel.
 ¶ 11. Next, Busby argues that his plea was involuntary because it was forced and made without knowledge of the consequences. According to Busby, he did not want to plead guilty; however, the trial judge gave him a "do or die" option to either agree with the plea agreement or go to trial the next day.
 ¶ 12. A guilty plea is not binding on a criminal defendant unless it is made voluntarily and intelligently. Wilson v.State, 577 So.2d 394, 396-97 (Miss. 1991). A guilty plea is voluntarily and intelligently made where the defendant is informed of the nature of the charges against him, the maximum and minimum sentences he faces, and the effect the guilty plea will have on him. Id. Additionally, a plea of guilty must be free of improper inducements. See Uniform Rule of Circuit and County Court Practice 8.04(A)(3).
 ¶ 13. The record reflects that Busby signed and filed a petition to enter a guilty plea, which advised him of his legal and constitutional rights and the consequences of the plea. The trial court found that Busby knowingly and voluntarily waived his rights to trial. Busby further claims that the trial judge gave him a "do or die option," which affected his decision to plead guilty. However, evidence in the record is to the contrary:
 THE COURT: Mr. Busby, do you have any question or anything that you don't understand? *Page 228 
 BUSBY: No, sir. It was just my under-standing that I would be kept out of jail until my sentencing because I have property and stuff that I have to take care of before I would go to jail.
 THE COURT: Well, that's what I said earlier. The District Attorney says that is not part of their plea agreement with you and that their plea agreement with you includes that you would be put in custody pending your sentencing. And I intend to honor that unless you want to back out of this and go to trial tomorrow, which is your option if you want to.
 ¶ 14. There is no evidence in the record that Busby's plea was induced by coercion. To the contrary, this exchange reflects that the trial court took considerable efforts to ensure that Busby entered his guilty plea voluntarily and intelligently. Busby's argument is simply without merit. Therefore, we find that the trial court did not err in finding that Busby's guilty plea was entered voluntarily.
 III. Whether the trial court erred in failing to find that Busby was entitled to an evidentiary hearing on these matters.
 ¶ 15. Further, Busby maintains that he is entitled to an evidentiary hearing on these matters. This Court recognizes that "a post conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Taylor v. State,682 So.2d 359, 366 (Miss. 1996) (quoting Turner v.State, 590 So.2d 871, 874 (Miss. 1991)).
 ¶ 16. Based on our review of the record, an evidentiary hearing is not required. As previously discussed, there is no merit to either of Busby's claims. Therefore, we find that the trial court properly denied Busby's request for an evidentiary hearing on these matters.
 IV. Whether there was an adequate factual basis to accept Busby's guilty plea to the lustful touching of a child.
 ¶ 17. Finally, we address the argument Busby raised in his reply brief. For the first time on appeal, Busby argues that there was not an adequate factual basis to accept his guilty plea. He then proceeds to point out that the State's brief was not responsive to his claims and that the State incorrectly referred to him as "Garner."
 ¶ 18. However, Busby failed to raise this issue before the trial court in his motion for post-conviction relief. We have long held that we will not address new issues presented for the first time on appeal. Law v. State, 822 So.2d 1006,1009(117) (Miss.Ct.App. 2002). Further, case law requires that failure to bring an issue in the motion for post-conviction relief, bars it from being raised as a new ground on appeal.Id. Accordingly, this issue is procedurally barred.
 CONCLUSION ¶ 19. We find that the trial court did not err in denying Busby's motion for post-conviction relief. The guilty plea petition and the transcript of the guilty plea proceedings clearly show that Busby voluntarily entered his guilty plea free from any coercion. Further, he did not receive ineffective assistance of counsel.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKECOUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKECOUNTY. *Page 229 
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.