JAMES, J.,
for the Court:
¶ 1. Jimmie D. Minshew pled guilty in the Leake County Circuit Court to statutory rape. Minshew filed a petition for post-conviction relief (PCR) claiming that he received ineffective assistance of counsel. The trial court summarily denied the petition. Minshew now appeals. Finding no error, we affirm.
FACTS
¶2. On February 28, 2007, a Leake County grand jury indicted Minshew on one count of statutory rape in violation of Mississippi Code Annotated section 97-3-65(l)(b) (Supp.2013). On May 14, 2007, Minshew entered a voluntary plea of guilty and was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of supervised probation.
¶ 3. On March 29, 2010, Minshew filed a PCR petition,[1] claiming that he received ineffective assistance of counsel and attaching two written statements from his wife and his grandson. Minshew then filed several pleadings in the circuit court, including a motion for an expedited ruling, a motion to “cease inordinate delay,” and a motion for recusal. Minshew also filed request for a writ of mandamus with the Mississippi Supreme Court. On February 28, 2012, Minshew filed another PCR petition in which he asked the court to declare Mississippi Code Annotated section 47-7-4 (Supp.2013), which provides for the conditional medical release of nonviolent terminally-ill inmates, unconstitutional on the ground that it prohibits sex offenders from receiving conditional medical release.
¶ 4. On March 20, 2013, the trial court summarily denied Minshew’s PCR petition. Minshew now appeals raising the following issue: whether he received effective assistance of counsel.
STANDARD OF REVIEW
¶ 5. When reviewing a trial court’s denial or dismissal of a PCR petition, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
*955 DISCUSSION
¶ 6. On appeal, Minshew claims that he received ineffective assistance of counsel. According to Minshew, his trial counsel failed to interview various witnesses who Minshew claims could have discredited the victim. Minshew also alleges that his trial counsel coerced him into entering a guilty plea by misinforming him about the nature of his potential sentence.
¶ 7. “There is a strong but rebut-table presumption that trial counsel was competent and that trial counsel performed within the wide range of reasonable conduct expected from counsel.” Pruitt v. State, 53 So.3d 24, 27 (¶ 14) (Miss.Ct.App.2010) (citing Busby v. State, 994 So.2d 225, 227 (¶ 8) (Miss.Ct.App.2008)). In order to rebut this presumption, a petitioner must show that: “(1) his trial counsel’s performance was deficient, and (2) the trial counsel’s deficiency prejudiced his defense.” Id. In order to challenge his guilty plea on the ground of ineffective assistance of counsel, Minshew must demonstrate that “counsel’s errors proximately resulted in the guilty plea and, but for counsel’s errors, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006) (citing Reynolds v. State, 521 So.2d 914, 918 (Miss.1988)).
¶ 8. Minshew claims that he received ineffective assistance of counsel because his counsel failed to interview a single witness. Minshew claims that there were numerous witnesses, including “schoolmates, school officials, neighbors, and relatives,” who would have testified that the victim “was a pathological and habitual liar intent on living with her biological father[,][2] ... [and the victim was] boasting that she knew how to accomplish that ... by alleging [that Minshew] sexually assaulted her.”
¶ 9. Mississippi Code Annotated section 99 — 39—9(l)(e) (Supp.2013) requires:
A specific statement of the facts which are not within the prisoner’s personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may Be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
Here, Minshew has not provided a list of these alleged witnesses, nor has he provided affidavits or other evidence in support of his claim. The only statements that Minshew provided in his petition for PCR were statements from his wife, Edna Min-shew, and his grandson, Daniel Minshew. However, the two statements, which are unsworn, do not assert that Minshew’s counsel was ineffective, nor do the statements provide details pertaining to the existence of the alleged witnesses. Edna states that she and Minshew had not engaged in sexual intercourse since 1999, and that Minshew was unable to perform sexually. Edna also discusses the circumstances under which the victim came to live in the Minshew household. Daniel merely claims that he stayed at Minshew’s house a lot during the time period surrounding the crime and that “if [Minshew] *956 and [the victim] was [sic] doing anything I would have known.”
¶ 10. “Allegations of ineffective assistance of counsel must be made with specificity and detail.” Thomas v. State, 881 So.2d 912, 918 (¶ 18) (Miss.Ct.App.2004) (citing Garner v. State, 864 So.2d 1005, 1008 (¶ 13) (Miss.Ct.App.2004)). Further, “in order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course.” Id. (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). We find that Minshew’s mere allegations that there were unnamed witnesses who could have discredited the victim are too nebulous to overcome the presumption that his counsel’s actions were effective.
¶ 11. Similarly, Minshew argues that he was “coerced” into pleading guilty.. Minshew claims that his trial counsel told him that if he did not plead guilty, he faced a minimum sentence of twenty years, but that a guilty plea “would result in a [ten-year] sentence” rather than a minimum of twenty years, and that he would receive “[two] days good time for each day actually served.” Minshew states that he later learned that a person convicted of statutory rape is not eligible for a reduction based on “good time.” In sum, Minshew argues that, but for the promise of a “good time” reduction in sentence, he would not have pled guilty.
¶ 12. We first note that Minshew offers no additional support for this allegation apart from the above-quoted language from his petition. Again, the only statements attached to the PCR petition are those from his wife and grandson, neither of whom claims that Minshew received ineffective assistance of counsel, or that he was improperly advised about his sentence.
¶ 13. Nevertheless, we have held that “even if a defendant receives erroneous advice from defense counsel, any misunderstanding created by this advice may be corrected by the court during the voluntariness inquiry.” Magyar v. State, 18 So.3d 851, 856 (¶ 13) (Miss.Ct.App.2008) (quoting Thomas, 881 So.2d at 917 (¶ 13)). Here Minshew’s claim is contradicted by his sworn testimony during his plea hearing. During his plea hearing, Minshew testified under oath that he was satisfied with his attorney’s representation:
Q. Are you satisfied with the services of your attorney!?]
A. Yes, sir.
[[Image here]]
Q. Do your think that he’s thoroughly investigated your case and done a good job representing you?
A. I think so.
Likewise, Minshew was asked “[h]as anyone made any promises that if you plead guilty, you would be rewarded with a smaller or lesser sentence than life, or twenty years,” to which Minshew responded, “No, sir.” And when asked “has anyone made any ... threats against you, so that you’re fearful or afraid to go to trial,” Minshew again replied, “No, sir.”
¶ 14. Furthermore, the record reflects that Minshew was informed, on more than one occasion, of the maximum and minimum sentence to which he was subject. In Minshew’s petition to plead guilty, when prompted to write what sentence the State would recommend, Minshew wrote that the State would recommend twenty years, with ten years suspended and five years of supervised probation. Minshew then acknowledged that the trial court was not bound by the State’s recommendation. Likewise, during the plea hearing, the trial court informed Minshew of the maximum and minimum sentences that he was sub *957 ject to, and Minshew acknowledged that he understood. Finally, Minshew was present when the State made its sentencing recommendation in open court.
¶ 15. We find that any erroneous advice that Minshew may have received was cured by the trial court during the plea hearing and that Minshew’s guilty plea was knowing, intelligent, and voluntary. Minshew’s assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Minshew styled his petition as an "Amended Petition for Post-Conviction Relief,” claiming that he filed a petition for post-conviction relief on October 21, 2009; however, the record does not contain a copy of that petition stamped "filed” for that date.

. The record indicates that, at the time of the incident, Minshew and his wife had custody of the minor victim.