755 So.2d 1196 (1999)
George POTTS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CP-00225-COA.
Court of Appeals of Mississippi.
July 27, 1999.
*1197 George Potts, Jr., Appellant, pro se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., DIAZ, AND LEE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. George Potts has appealed from the decision of the Circuit Court of Jackson County to dismiss without hearing his motion for post-conviction relief. He urges that the court erred in not holding an evidentiary hearing on his motion. We disagree and affirm the circuit court.
¶ 2. Potts pled guilty in April 1994 to the crimes of armed robbery and grand larceny. Potts had originally been indicted as a recidivist under Section 99-19-81 of the Mississippi Code and the indictments listed ten prior alleged felony convictions. However, on recommendation of the State under a plea agreement reached with Potts, the circuit court dismissed the portion of the indictment charging Potts as a habitual offender and sentenced him to eight years without parole.
¶ 3. Potts subsequently filed a motion for post-conviction relief alleging that one of the convictions charged in the indictment was in error and that he had not, in fact, been convicted of that crime. He claimed in his motion that he was entitled to be re-sentenced, apparently based on the proposition that the trial court would have been less harsh in its sentence had it understood that Potts had only nine prior felony convictions rather than ten. In the words of Potts's motion, he
was not informed [that] the conviction which the State used to enhance [his] sentence was constitutionally invalid because [the listed conviction] for felony kidnaping that appears on all indictments is an error the court clerk made.
¶ 4. The State concedes that the alleged conviction for felony kidnaping listed *1198 on the indictment was not correct, but denies that this fact entitles Potts to any relief. We agree. By dismissing the habitual offender portion of the indictment, any errors in the allegations that might otherwise have supported an enhanced punishment of Potts were rendered moot. It is clear from reviewing the transcript of the plea hearing that the trial court did not place any weight on the fact that Potts might have had a prior kidnaping conviction in determining his punishment. Rather, it is evident that the sole consideration upon which the court set Potts's sentence was the recommendation of the Statea recommendation that Potts freely accepted.
¶ 5. The law is clear that the court is not required to conduct an evidentiary hearing in every instance that a convicted felon files a motion seeking post-conviction relief.
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11 (Rev.1994); Harveston v. State, 597 So.2d 641, 643 (Miss.1992); Womble v. State, 466 So.2d 910, 912 (Miss.1985).
¶ 6. We are satisfied that this is a proper case for application of that statutory provision. Even accepting the truth of Potts's allegations in support of his claim for reconsideration of his sentence, it is evident that those facts do not form the basis for the requested relief. Harveston, 597 So.2d at 643.
¶ 7. Potts also makes a claim of ineffective assistance of counsel because of his attorney's failure to raise the issue of the incorrect allegation of a prior kidnaping conviction after Potts had informed his counsel of the error. We conclude, for considerations already discussed, that this claim was also rendered moot when the State agreed to dismiss the portion of the indictment dealing with that conviction. Any perceived lack of diligence by Potts's counsel in pursuing this matter prior to striking a deal for a guilty plea did not work any prejudice to Potts's rights in this proceeding once the deal was struck and the indictment was amended.
¶ 8. Potts raises, apparently for the first time on appeal, the issue of whether the indictments were defective because they did not end with the term "against the peace and dignity of the State of Mississippi." In a novel argument, Potts observes that the indictments, instead, end with the signatures of the district attorney and the foreman of the grand jury. Issues that ought to be raised first at the trial level may not ordinarily be raised for the first time on appeal. Crawford v. State, 716 So.2d 1028, 1050-51 (Miss.1998). Further, even if the issue were properly before this Court, the alleged defect would be one of form and not substance that was waived by entry of a guilty plea. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990).
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.