784 So.2d 256 (2001)
Dennis SHERROD, Appellant
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01770-COA.
Court of Appeals of Mississippi.
April 24, 2001.
*258 Dennis Sherrod, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before SOUTHWICK, P.J., CHANDLER, and MYERS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Dennis Sherrod pled guilty to robbery and aggravated assault in 1997. A few months later he sought permission from the same circuit court to withdraw the plea. Without a hearing being held, the court denied the motion. On appeal Sherrod seeks reversal because he has always maintained his innocence; his codefendant's statements against him were coerced; he did not receive effective assistance of counsel; and he should have been given an evidentiary hearing on his motion to withdraw his plea. We disagree that error is shown and affirm.

FACTS
¶ 2. In September 1994, Dennis Sherrod was indicted by the grand jury of Noxubee County for aggravated assault and robbery. Sherrod and a co-defendant were charged with robbing the owner of a package liquor store in Macon, after striking him over the head with a wine bottle. Sherrod was not apprehended until ten months after the robbery. He was taken into custody by police in Joliet, Illinois, and extradited to Mississippi.
¶ 3. On March 13, 1997, Sherrod pled guilty to robbery and assault at a hearing in Noxubee County Circuit Court. He was sentenced to two ten-year terms to be served consecutively. Approximately five months later, on September 8, 1997, Sherrod filed a petition in the circuit court to withdraw his plea. He alleged these grounds: 1) new evidence had been discovered; 2) his plea was not knowing and voluntary because it was based on misrepresentation by his attorney; 3) he was denied effective assistance of counsel because counsel failed to call witnesses who could have exonerated him; and 4) his co-defendant, Willie Robinson, would testify under oath that he committed the crimes and that Sherrod had nothing to do with them. By order dated March 2, 1998, the court held that an evidentiary hearing was not necessary and denied the motion.

DISCUSSION

I. Voluntariness of plea
¶ 4. Sherrod argues that his guilty plea was not made knowingly and voluntarily. He was "confused and bewildered" because his attorney failed to subpoena witnesses who could testify in his favor. He further alleges that his co-defendant submitted *259 an affidavit that the co-defendant committed the crimes and that Sherrod had not been involved.
¶ 5. A guilty plea is considered voluntary and intelligent if the defendant is advised regarding the nature of the charge and the consequences of the guilty plea, and it appears that he understood those rights. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The trial judge informed Sherrod that he was going to conduct a hearing to assure that his plea of guilty was freely and voluntarily given. Sherrod was told that he had these rights: 1) a jury trial; 2) cross examination of all adverse witnesses; 3) subpoena witnesses who could testify on his behalf; 4) no self incrimination; and 5) assistance of a lawyer. Sherrod answered affirmatively that he realized that a guilty plea would operate as a waiver to all of these rights. The record also reveals that Sherrod was informed by the trial judge of the charges against him and the possible sentence that he could receive. Finally, Sherrod admitted that he in fact did commit the crimes charged.
¶ 6. In response to what is in the record, Sherrod urges that his plea was involuntary because his defense attorney failed to subpoena witnesses who could testify in his behalf. This assertion is simply not supported by the record. Sherrod was informed that he had the right to subpoena witnesses to testify on his behalf. He was asked if he was satisfied with the advice and help that his attorney had given him, to which he also responded affirmatively. Based upon the plea colloquy, there is no basis for a determination that the plea was not knowingly and voluntarily made.
¶ 7. Sherrod also argues that the affidavit of Willie Robinson should have caused the plea to be withdrawn. Robinson's affidavit asserts that Sherrod had nothing to do with the crimes and that it was Robinson who committed them. There is no evidence in the record that the affidavit was presented to the trial court; instead, it appears on appeal attached to the brief. Our consideration of a case on appeal is limited to the record. Phillips v. State, 421 So.2d 476, 478 (Miss.1982)
¶ 8. Regardless, Sherrod at the plea hearing admitted that he committed the crimes involved. That a co-defendant is willing now to claim that is not true does not overcome the sworn statements at the earlier hearing.

II. Incriminating statements by co-defendant
¶ 9. Sherrod alleges that his co-defendant, Willie Robinson, was beaten by the Macon police and coerced into making incriminating statements against him. However, our review of the record does not reveal a statement made by Robinson to the Macon Police Department. It appears that any statement by Robinson was not presented to the trial judge at the plea hearing, nor was the statement or affidavit presented to the trial judge with the motion to withdraw the guilty plea.
¶ 10. What the record does show is that Sherrod admitted under oath at the plea hearing that he in fact did commit the charged crimes. The role of any coerced statement made by a co-defendant cannot be addressed by this Court in the absence of evidence even of its existence.

III. Ineffective assistance of counsel
¶ 11. On appeal Sherrod alleges that his original counsel failed to conduct an adequate investigation or call witnesses. He claims that his attorney advised him to plead guilty to the charges even though his attorney knew of witnesses who could have given testimony which could have been used to prove innocence at trial.
*260 ¶ 12. In order to prevail on a claim of ineffective assistance of counsel, a defendant must be able to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland test also applies to challenges to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Whenever the issue of ineffective assistance of counsel is raised, a rebuttable presumption arises that defense counsel's conduct was reasonable and competent. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Appellate review of the performance of defense counsel is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Whether or not the two prongs of the Strickland test are met is determined by "looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988).
¶ 13. In applying these standards we examine the plea hearing. The circuit judge asked Sherrod if his attorney had discussed the petition to plead guilty with him and if he understood everything within the petition. Sherrod answered that he understood. The judge asked if Sherrod had fully discussed all the circumstances surrounding the case with his attorney and whether or not his attorney had advised him of all possible defenses that he might have if the case went to trial. Again, Sherrod responded affirmatively. Finally, Sherrod was asked if he was satisfied with the advice that his attorney had given him. He was.
¶ 14. In another way the trial judge addressed this issue at the plea hearing. Sherrod was informed that he had the right to call witnesses if he chose to go to trial. With this knowledge, and with the alleged knowledge that his co-defendant could have testified that Sherrod was not involved in the crime, he chose to plead guilty anyway. He claims that the decision to plead guilty was forced on him by his attorney. There is no evidence in the record to support this claim. The only evidence is the sworn testimony by Sherrod at his plea hearing that none of the defects in the process that he now alleges existed, were in fact present.

IV. Failure to give evidentiary hearing on motion to withdraw guilty plea.
¶ 15. Sherrod argues that he was entitled to an evidentiary hearing on his motion to withdraw the guilty plea. The Supreme Court has stated that an evidentiary hearing is only necessary where the record of the plea hearing "does not reflect that [the petitioner] was advised concerning the rights of which he now claims ignorance." Roland v. State, 666 So.2d 747, 751 (Miss.1995). Where the defendant's claim are in contradiction with the record, the trial judge may rely heavily on statements which were made under oath. Simpson v. State, 678 So.2d 712, 716 (Miss.1996).
¶ 16. There is no evidence that the motion to withdraw the guilty plea had affidavits attached. It is clear that Sherrod was informed of his rights and that a guilty plea would act as a waiver of those rights. The trial judge was within his authority in ruling without an evidentiary hearing.
¶ 17. Sherrod's final allegation is that the circuit clerk, the circuit court, circuit clerk reporter and his attorney have conspired to secure his conviction. This claim is based on the allegation that his motion did in fact have the affidavit of Willie Robinson attached to it, but that the motion was placed in the criminal inactive file by the circuit clerk and that the affidavit was thereby lost.
*261 ¶ 18. This claim was addressed by the circuit court in the March 1998 order. The court found that the motion had been placed in the inactive criminal file rather than the post-conviction petition civil file. The court ordered that the motion be placed in a separate civil file. An out-of-time appeal was granted. There is no record that the filing error by the circuit clerk caused an affidavit to be lost. Regardless, even had the affidavit been present no evidentiary hearing would have been necessary. When an affidavit is "overwhelmingly belied by unimpeachable documentary evidence in the record," including the transcript of the plea hearing, no evidentiary hearing is required. Gable v. State, 748 So.2d 703, 706 (Miss.1999) (quoting Wright v. State, 577 So.2d 387, 390 (Miss.1991)). Issues regarding the first appearance of the affidavit are academic. No relief was justified.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO NOXUBEE COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.