915 So.2d 1108 (2005)
Adam GONZALES, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00798-COA.
Court of Appeals of Mississippi.
December 6, 2005.
*1109 Adam Gonzales, Jr., Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Adam Gonzales, Jr. pled guilty to charges of auto burglary, grand larceny, and receiving stolen property on July 27, *1110 1998. On October 19, 1998, Gonzales received a seven-year sentence for the auto burglary charge and five-year sentences for the grand larceny and receiving stolen property charges, all to be served consecutively. Gonzales then filed a "Petition for Writ of Habeas Corpus" on September 26, 2001, in the Washington County Circuit Court, asking the court to set aside his guilty pleas. On October 10, 2001, the trial court denied his motion without an evidentiary hearing. Aggrieved, Gonzales filed his Notice to Appeal on March 3, 2003. Gonzales raises the following issues on appeal:
(1) Whether guilty pleas were made unintelligently due to the erroneous advise of counsel;
(2) Whether he received ineffective assistance of counsel.
¶ 2. The State suggests that since Gonzales' plea was entered on July 27, 1998, his motion may have been filed out-of-time on September 26, 2001. An appeal can only be had from a final judgment. There was no final judgment until Gonzales was sentenced on October 18, 1998. Therefore, Gonzales' post-conviction relief motion was not out-of-time. Hence, we will discuss the merits of his claims.

DISCUSSION
¶ 3. Gonzales' claims that his guilty pleas should be set aside due to ineffective assistance of counsel. In order to be successful on such a claim, a defendant must prove that his counsel's performance was deficient, and that the deficiency was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). A defendant faces a strong, but rebuttable presumption, that counsel's performance falls within a broad spectrum of reasonable professional assistance. O'Halloran v. State, 731 So.2d 565, 569(¶ 9) (Miss.1999). Only when there is a reasonable probability that but for his attorney's errors, the defendant would have received a different result in the trial court, will we find ineffective assistance. Id.
¶ 4. Gonzales asserts two claims of his counsel's deficient performance. Gonzales' first claim of deficiency is the alleged erroneous advice on which Gonzales relied when making his guilty pleas. Gonzales claims that his attorney told him that it was in his best interest to plea, and assured him that any sentences given would run concurrently because there were no minimum sentencing requirements for the crimes. The court, however, sentenced Gonzales to three consecutive terms for his crimes. Although Gonzales claims to have relied heavily on his attorney's advice when pleading guilty, Gonzales testified, under oath, that he understood his charges, the plea process, and the consequences of both. When asked if he understood that the judge was not bound by anything anyone had told him regarding sentencing, and that sentencing was in the judge's sole discretion, Gonzales answered affirmatively. Gonzales also acknowledged that he understood that the judge was bound only by the maximum sentence allowed by law for each crime, and could run the sentences concurrently or consecutively.
¶ 5. Gonzales offers affidavits from family members in support of his assertions. These affidavits, however, were first introduced in Gonzales' brief before this Court, and are not contained in the record. Since our review of a case on appeal is limited solely to the record, these affidavits can not be considered. Sherrod v. State, 784 So.2d 256, 259(¶ 7) (Miss.Ct.App.2001).
¶ 6. At his plea hearing, Gonzales testified under oath that he understood his *1111 rights. We recognize that there is a strong presumption of validity when a statement is given while under oath. King v. State, 679 So.2d 208, 211 (Miss.1996). Regardless of the advice of his attorney, a plea is considered by this Court to be voluntary and intelligent if the defendant is advised regarding the nature of the charge and the consequences of the guilty plea, and it appears he understood these rights. Sherrod, 784 So.2d at 258(¶ 4). This being so, we find no merit to this part of Gonzales' argument.
¶ 7. Gonzales next contends that his counsel's performance was deficient due to a severe drug addiction. However, other than the out-of-time affidavits, Gonzales offers no specific proof in support of his claim. A mere allegation of impairment due to drug addiction, without more, is insufficient to meet the deficiency prong of the Strickland balancing. Therefore, we find that Gonzales' arguments of deficient performance by his attorney should fail.
¶ 8. Gonzales has also failed to show this Court how his attorney's alleged drug abuse prejudiced him during the plea proceedings. In his brief, Gonzales claims that if he would have known about his attorney's alleged drug problem, he would have had the opportunity to seek other counsel, and "not be misled into a plea which resulted into a seventeen year sentence." However, there was no evidence offered by Gonzales to show any unusual behavior of the attorney during the plea process which would be indicative of a drug problem. In fact, when asked by the court if he was satisfied with the assistance that he had been given by his attorney, Gonzales responded, "yes sir, very satisfied."
¶ 9. Gonzales contends that if an evidentiary hearing had been granted, then he would have proven that the alleged drug addiction was in fact true, and prejudiced his defense. However, it is well settled that not every post-conviction relief motion must be afforded a hearing. Potts v. State, 755 So.2d 1196, 1197(¶ 5) (Miss.Ct.App.1999). If it appears clearly from the motion, annexed exhibits, and prior proceedings that defendant is not entitled to relief, the court may make an order for the motion's dismissal. Id. Gonzales' affidavits were not offered to the trial court on his motion for post-conviction relief. All Gonzales offered to the court was a statement that he had learned of his attorney's alleged drug abuse, a request for interrogatories, and production of documents. Since it was clear from all documents submitted that Gonzales was not entitled to relief, the trial court was correct in refusing to grant an evidentiary hearing.
¶ 10. Gonzales' failed to prove to the trial court that he in fact did receive ineffective assistance of counsel. Therefore, the court correctly denied Gonzales' petition. When reviewing denials of post-conviction relief motions, we will not reverse the decision of a trial court judge unless it is clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). Finding no error in the trial judge's decision, we affirm.
¶ 11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.