918 So.2d 890 (2006)
Ronald Lamar COLE, Sr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01353-COA.
Court of Appeals of Mississippi.
January 17, 2006.
*892 Ronald Lamar Cole, Sr., Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. Ronald Lamar Cole, Sr. appeals the Simpson County Circuit Court's denial of his petition for post-conviction relief. On appeal he argues: (1) that his plea of guilty was unintelligently and involuntarily entered, (2) that the trial court erred in accepting his Alford plea, and (3) that he was deprived of effective assistance of counsel. Finding no error in the trial court's denial, we affirm.

STATEMENT OF FACTS
¶ 2. Although maintaining his innocence, on May 31, 2002, Cole entered an Alford plea to two charges of touching a child for lustful purposes in the Circuit Court of Simpson County. On June 28, 2002, Cole was sentenced to serve five years on each charge, to run consecutively, and was ordered to register as a sex offender upon his release. On December 11, 2002, Cole then filed a Petition for Post-Conviction Relief in the circuit court. On October 6, 2004, Cole's petition was denied without an evidentiary hearing. It is from this denial that Cole appeals.

DISCUSSION
¶ 3. When reviewing denials of post-conviction relief motions, we will not reverse factual findings of a trial court judge unless they are clearly erroneous. Miller v. State, 910 So.2d 56, 58(¶ 4) (Miss.Ct.App.2005). However, where questions of law are raised, the applicable standard of review is de novo. Id.

1. Whether Cole's plea of guilty has been intelligently and voluntarily entered.
¶ 4. Cole alleges that his plea of guilty was unintelligently and involuntarily entered into because the trial court failed to ascertain that he was in fact guilty before accepting his guilty plea. When a defendant enters into a guilty plea while maintaining his innocence, he has entered what is known as an Alford plea, in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Alford holds that an express admission of guilt is not constitutionally required in order to be punished criminally. Id. at 37, 91 S.Ct. 160. An individual accused of a crime may voluntarily, knowingly, *893 and understandably consent to a prison sentence even if he is unwilling or unable to admit his participation in the alleged acts. Id.
¶ 5. The record before this Court clearly shows that the court ascertained that Cole understood the plea which he was entering:
COURT: Well, I'm given to understand, Mr. Cole and Mr. McNees, that Mr. Cole while denying these charges is pleading guilty under the authority of the U.S. Supreme Court case out of North Carolinawhat was the style of that Mr. James?
MR. JAMES: North Carolina v. Alford, Your Honor ...
Q: And is that the way it was explained to you, Mr. Cole?
A: Yes, Sir.
...
Q: And do you understand that by pleading under your rights in the North Carolina case that the Court will more likely than not adjudicate you guilty on this plea, do you understand that?
A: Yes, sir.
...
Q: Do you realize that you are giving up your right under the Constitution that protects you of being forced to give evidence against yourself?
A: Yes, sir.
¶ 6. We recognize that there is a strong presumption of validity when a statement is given while under oath. King v. State, 679 So.2d 208, 211 (Miss.1996). Based on the above testimony, Cole expressly acknowledged his understanding of the Alford plea and its consequences while under oath before the court. Therefore, this argument is without merit.

2. Whether the court erred in accepting Cole's plea of guilty to the charge of touching a child for lustful purposes because there was no factual basis of his guilt.
¶ 7. Although an actual admission of guilt is not necessary for a guilty plea, it is essential that there exist a factual basis for a defendant's guilty plea. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). As long as there is substantial evidence of the defendant's guilt, there is no error in accepting his guilty plea, even as he proclaims his innocence. Id. at 916. A defendant's decision to plead guilty does not satisfy the evidentiary requirement that there be a factual basis for a guilty plea. Lott v. State, 597 So.2d 627, 628 (Miss.1992). There must be, contained within the record, a specific evidentiary foundation which would allow the court to determine that the defendant's conduct was defined as criminal. Id. Such a foundation must be enough that the court may say with confidence that the prosecution could prove the accused guilty of the crime charged. Corley v. State, 585 So.2d 765, 767 (Miss.1991).
¶ 8. Cole claims that the there existed an insufficient factual basis upon which to accept his plea. At the plea proceedings, Assistant District Attorney R. Wendell James explained to the court how the State was prepared to prove the charges against Cole:
MR. JAMES: [T]he State is prepared to show through testimony of [Jane] and [Julie] that during the summer of 2000 that Mr. Cole was, I believe, the [relative] of [Jane] and did baby-sit them throughout the summer and did perform and touch them in various ways, sexual acts. And also, we would call Dr. Julia Sherwood, who would testify as to physical findings that she found on the body of the two children, and also call Paul *894 Davey, child psychotherapist, as to the interviews that he had with the child ... Also we would attempt to offer testimony of Angela Robinson, a licensed social worker. . as to the interviews that she had with the two victims in this case. We would also introduce various objects... various items were found which the girls had described in their interviews with Angela Robinson in which we feel would further corroborate their testimony...
¶ 9. Cole claims that this statement of the State's anticipated proof is void of "actual evidence," and therefore fails to satisfy the required evidentiary foundation. Our supreme court has held that a concise statement of the facts which establish the crime, and the facts which support the investigation and apprehension of the defendant is adequate to establish the needed factual basis. Corley, 585 So.2d at 767. We find that the assistant district attorney's statements as set out above were sufficiently specific to show that Cole's conduct was "within the amount of that defined as criminal." Lott, 597 So.2d at 632. Moreover, Cole answered affirmatively as to whether he understood the charges brought against him, and failed to deny any portion of Mr. James' statement as it was being read. Therefore, we find this claim to be without merit.

3. Whether Cole was deprived of effective assistance of counsel
¶ 10. In order to be successful on an ineffective assistance of counsel claim, a defendant must prove that his counsel's performance was deficient, and that the deficiency was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). If the defendant has pled guilty, he must show unprofessional errors of substantial gravity. Reynolds, 521 So.2d at 918. He must also show that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea. Id.
¶ 11. Cole's overall claim of deficiency is that his attorney persuaded him to plead guilty by misleading him as to the true meaning of an Alford plea and any sentences that he would receive once he pled. Cole claims prejudice resulted when he gave up his opportunity for trial in reliance on this allegedly deficient advice. A fair assessment of an attorney's performance requires that every effort be made to eliminate the effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time of the proceedings. Woodward v. State, 843 So.2d 1, 7 (¶ 14) (Miss.2003) (citing Stringer v. State, 454 So.2d 468, 477 (Miss.1984)). The defendant must overcome the presumption that, under the circumstances, the attorney's challenged action may be considered sound trial strategy. Id.
¶ 12. Cole claims that after reading Alford for himself, his present understanding of an Alford plea is not that which he had at the time of the plea proceedings. This assertion is contrary to the transcript of the plea hearing placed before this Court. When questioned by the judge as to whether he understood that he was entering into an Alford plea, and if he understood its consequences, Cole answered affirmatively. Cole also alleges that his counsel told him that if he pled guilty under Alford, he would receive a suspended sentence and would not have to spend time in the penitentiary due to his age. However, when the judge informed Cole of the minimum and maximum sentences for the crimes to which he was pleading, and asked if he understood this, Cole answered affirmatively. The judge also informed *895 Cole that the court was not bound by any recommendation, and that Cole would have to spend some time imprisoned:
COURT: I am advising you now that I reviewed the presentence report and your medical records and other documents submitted in that report, and I have decided that you should serve a penitentiary term. Now I'm offering you one last opportunity to withdraw from this proceeding and go foward in September with a formal trial. Therefore, I want you to talk to your lawyer, and tell me now whether you wish to go forward with a formal trial in September or whether you prefer to have sentence enrolled against you today.
(Defendant conferring with his lawyer)
COURT: Mr. Cole, have you conferred with your attorney?
A. Yes, sir.
COURT: Have you reached a decision?
A: It's a hard decision to make, Your Honor, because I don't think I'll live much longer either way.
...
A: The reason I have been so adamant all along with my attorney that I would not plead guilty to something is because I didn't want to plead guilty to something I didn't do. I realize the fact that I have two witnesses that are saying I did, and it's against my word they are saying I didn't. My attorney tells me that I don't have a leg to stand on if it goes to court. I will go along with what my attorney recommends, Your Honor. I don't feel good about it.
COURT: All right. Then we won't do it. Have a seat and confer with your attorney further.
¶ 13. After conferring once more with his attorney, Cole decided to enter the Alford plea and receive his sentence. He even stated, "I would like to apologize to my attorney. He's done an excellent job. I shouldn't have said what I did."
¶ 14. Cole also claims that he should have received an evidentiary hearing to better develop this claim. However, it is well settled that not every post-conviction relief motion must be afforded a hearing. Potts v. State, 755 So.2d 1196, 1197(¶ 5) (Miss.Ct.App.1999). If it appears clearly from the motion, annexed exhibits, and prior proceedings that the defendant is not entitled to relief, the court may make an order for the motion's dismissal. Id. When the assertions of ineffective assistance of counsel consist solely of assertions from the movant, the trial court may disregard such assertions when they are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt. White v. State, 818 So.2d 369, 371(¶ 4) (Miss.Ct.App.2002).
¶ 15. Such is the situation with Cole's claim. All Cole offers is a list of names of potential witnesses of his alleged innocence, not statements of his attorney's performance. Since it was clear from all documents submitted by Cole that he was not entitled to relief, the trial court was correct in refusing to grant an evidentiary hearing.
¶ 16. Cole has failed to prove that his attorney's performance was deficient, and that the attorney's performance prejudiced him in any way. If a post-conviction relief motion fails on either Strickland prong, the proceedings should end there. Woodward, 843 So.2d at 7 (¶ 14). Finding no error by the trial court, we affirm.
¶ 17. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
*896 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.