KING, C.J.,
for the Court:
¶ 1. Michael W. Pruitt pleaded guilty in the Circuit Court of Marshall County to the crimes of sexual battery, aggravated assault, and kidnapping. He was sentenced to life in prison for sexual battery, twenty years for aggravated assault, and thirty years for kidnapping, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections (MDOC). Thereafter, Pruitt filed a motion for post-conviction relief in the trial court, arguing that his guilty pleas were involuntary and that he received ineffective assistance of counsel. The trial court denied Pruitt’s motion. Aggrieved, Pruitt now appeals that denial. Finding no error, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 14, 2006, Pruitt was indicted by a Marshall County grand jury for two counts of sexual battery, one count of touching a child for lustful purposes, one count of aggravated assault, and one count *26 of kidnapping. On March 19, 2007, Pruitt filed a petition to enter a guilty plea to one count each of sexual battery, aggravated assault, and kidnapping.
¶ 3. During the guilty plea proceeding, the State presented the underlying facts to be proven if his case had gone to trial. The State would prove that Pruitt kidnapped a six-year-old girl, fondled her, and attempted to have sexual intercourse with her. The State would prove that Pruitt took the child to an abandoned house where he shot her once in the head. After questioning, Pruitt confessed to the crime and led police to the victim, who was found alive. Pruitt acknowledged to the trial court that the information alleged by the State was in fact true.
¶ 4. The trial court informed Pruitt of his constitutional rights and of the applicable sentencing range for the crimes. Pruitt acknowledged that he understood the consequences of his guilty pleas. The trial court asked Pruitt whether his pleas were voluntary, and Pruitt responded in the affirmative. The trial court also asked Pruitt whether he was satisfied with his trial counsel’s representation, and Pruitt responded in the affirmative. After determining that there was a factual basis for Pruitt’s pleas and that the pleas were intelligently and voluntarily made, the trial court accepted the guilty pleas. Pruitt was sentenced to life for sexual battery, twenty years for aggravated assault, and thirty years for kidnapping, with the sentences to run consecutively in the custody oftheMDOC.
¶ 5. On May 9, 2008, Pruitt filed a motion for post-conviction relief, and there were no affidavits attached to the motion. On September 24, 2008, the trial court denied Pruitt’s motion, finding that he was not entitled to the requested relief. Aggrieved, Pruitt timely filed his notice of appeal.
ANALYSIS
¶ 6. This Court will not disturb the trial court’s denial of a motion for post-conviction relief absent a finding that the trial court’s decision was clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, issues of law are reviewed de novo. Id.
I. Involuntary Guilty Plea
¶ 7. Pruitt argues that his guilty pleas are invalid because they were not made intelligently and voluntarily. Specifically, Pruitt argues that he was under the influence of anti-depressants when the crime took place and during the guilty plea proceeding, which prevented him from making intelligent and voluntary guilty pleas. Pruitt also argues that he was coerced to plead guilty by his trial counsel and the district attorney, who Pruitt alleges arrested his family and threatened to charge them as accessories after the fact if he did not plead guilty.
A. Anti-depressants
¶ 8. For the first time on appeal, Pruitt provided this Court with affidavits from three family members. Those family members state that Pruitt was under the influence of anti-depressants and that the medication prevented him from making intelligent choices. The law is clear that this Court is limited to the trial’s court record when reviewing a claim on appeal. Gonzales v. State, 915 So.2d 1108, 1110 (¶ 5) (Miss.Ct.App.2005). Thus, because Pruitt failed to provide these affidavits to the trial court, we cannot consider the affidavits on appeal. Id.
¶ 9. Pruitt provided the trial court with a copy of two prescriptions for anti-depressants, which were filled on June 20, 2006. Besides this, Pruitt failed to provide the trial court with any other evidence by way *27 of affidavits or medical records to support his argument that the medication affected his competency. See Magee v. State, 752 So.2d 1100, 1101-1102 (¶ ¶ 4-8) (Miss.Ct.App.1999) (finding that more was required than the defendant’s statement that he was once in special education classes to raise concerns regarding his competency to enter an intelligent and voluntary guilty plea).
¶ 10. In addition, the plea colloquy reflects that Pruitt was not taking any medication at the time he entered his guilty pleas. The trial court asked Pruitt, “[a]re you under the influence of alcohol or drugs or any other substance that might impair or affect your ability to understand what is going on here today?” Pruitt responded, “No, sir.” The trial court then asked Pruitt the following: “Do you suffer from any type of disability, physical, mental or otherwise that might impair or affect your ability to understand what is going on here today?” Again, Pruitt responded, “No, sir.”
¶ 11. “Trial judges are entitled to place great weight upon a defendant’s initial plea under oath.” Templeton v. State, 725 So.2d 764, 767 (¶ 10) (Miss.1998). Based on our review of the plea colloquy, we find that the trial court made sufficient inquiry into Pruitt’s mental competency, and there was no evidence to suggest that Pruitt lacked the ability to appreciate the effects of his guilty pleas. Thus, we find that his argument is without merit.
B. Coercion
¶ 12. Next, Pruitt argues that he did not willingly enter his guilty pleas because he was coerced by his trial counsel and the district attorney. As previously mentioned, Pruitt alleges that the district attorney arrested his family and threatened to charge them as accessories after the fact if he did not enter the guilty pleas. Pruitt wishes to rely on his family members’ affidavits in support of his argument. However, as previously held, we will not consider these affidavits on appeal because Pruitt failed to submit these affidavits before the trial court. See Gonzales, 915 So.2d at 1110 (¶ 5).
¶ 13. The plea colloquy belies Pruitt’s assertion that he was coerced into entering his guilty pleas. During the guilty plea proceeding, the trial court asked Pruitt whether anyone had threatened him, intimidated him, coerced him, or forced him to plead guilty. Pruitt responded, “No, sir.” As previously held, the trial court is entitled to place great weight upon the sworn testimony of a defendant. See Templeton, 725 So.2d at 767 (¶10). When reviewing Pruitt’s motion for post-conviction relief, the trial court only had the plea colloquy to consider, and there was no evidence to suggest that Pruitt’s guilty pleas were involuntary. Thus, we find that this argument is without merit.
II. Ineffective Assistance of Counsel
¶ 14. Pruitt argues that he received ineffective assistance of counsel. There is a strong but rebuttable presumption that trial counsel was competent and that trial counsel performed within the wide range of reasonable conduct expected from counsel. Busby v. State, 994 So.2d 225, 227 (¶ 8) (Miss.Ct.App.2008). To rebut this presumption, the petitioner must show that: (1) his trial counsel’s performance was deficient, and (2) the trial counsel’s deficiency prejudiced his defense. Id. If the petitioner pleads guilty on the advice of his trial counsel, the petitioner must prove that his trial counsel committed “unprofessional errors of substantial gravity,” without which he would not have pleaded guilty. Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006).
*28 A. Suspension from the Practice of Law
¶ 15. First, Pruitt argues that his trial counsel failed to tell him that he was suspended from practicing law in Tennessee. Pruitt maintains that if he had known about his trial counsel’s suspension, he would have requested the trial court to appoint him another attorney.
¶ 16. It is true that in February 2007, John Louis Dolan, Jr., Pruitt’s trial counsel, was suspended from the practice of law in Tennessee. See Miss. Bar v. Dolan, 987 So.2d 921, 922 (¶ 2) (Miss.2008). Later, The Mississippi Bar sought reciprocal discipline. Id. at 922-23 (¶ 3). On February 5, 2008, the supreme court suspended Dolan from the practice of law in Mississippi for one year and placed him on one year of probation. Id. at 924 (¶ 15).
¶ 17. Mississippi Rule of Discipline 11(c)(1) provides, in pertinent part, that a suspended attorney shall “notify all clients of his ... suspension ... and his consequent inability to act as an attorney after the effective date of his ... suspension ....” (Emphasis added). In a similar case, this Court found that a petitioner’s newly-acquired knowledge of his trial counsel’s suspension from the practice of law was not a ground for relief because: (1) trial counsel was not suspended until after the petitioner’s plea hearing, and (2) trial counsel’s suspension was not related to the petitioner’s case. Gatlin v. State, 932 So.2d 67, 69 (¶ 11) (Miss.Ct.App.2006). In the present case, Pruitt entered his guilty plea on March 19, 2007, long before Dolan’s suspension in Mississippi. Furthermore, Pruitt fails to articulate how he was adversely affected by Dolan’s suspension in Tennessee. Based on the foregoing, we find Pruitt’s argument is without merit.
B. Other Claims of Ineffective Assistance of Counsel
¶ 18. Next, Pruitt makes miscellaneous claims of ineffective assistance of counsel. Pruitt argues that his trial counsel failed to investigate the case. “For failure to investigate to become ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome.” Robinson v. State, 964 So.2d 609, 614 (¶ 21) (Miss.Ct.App.2007) (citing Triplett v. State, 840 So.2d 727, 731 (¶ 11) (Miss.Ct.App.2002)). Pruitt has failed to do so.
¶ 19. Pruitt argues that his trial counsel failed to interview witnesses. However, Pruitt failed to provide the trial court with a list of those witnesses, them affidavits, or them proposed testimonies to support his claim. See Steen v. State, 868 So.2d 1038, 1040 (¶ 10) (Miss.Ct.App.2004).
¶ 20. Pruitt also argues that his trial counsel failed to test the State’s evidence. However, based on our review of the plea colloquy, the State provided the factual basis in support of Pruitt’s guilty plea, and Praitt affirmed that the evidence was true. By pleading guilty to the charges against him, Pruitt “admitted his guilt and waived proof by the State.” Williams v. State, 752 So.2d 477, 479 (¶ 6) (Miss.Ct.App.1999) (citations omitted).
¶ 21. Moreover, Pruitt contends that his trial counsel failed to speak with him about the case. He maintains that he was not aware of the charges against him until they were read in open court. Pruitt claims that his trial counsel coerced him into pleading guilty. He alleges that his trial counsel knew that he was taking antidepressants, and trial counsel instructed him to withhold the information regarding the medication from the trial court. Pruitt also claims that his trial counsel knew that the State planned to use the results of a *29 mental evaluation to further implicate him in the crime.
¶ 22. The plea colloquy is contrary to Pruitt’s sundry claims. As previously mentioned, the trial court asked Pruitt whether he was satisfied with his trial counsel’s representation and whether his plea was voluntary. Pruitt answered both questions in the affirmative. In addition, Pruitt’s trial counsel voir dired Pruitt during the guilty plea hearing. During the voir dire, Pruitt affirmed the following: he was satisfied with his trial counsel’s representation; trial counsel visited him while he was incarcerated; they discussed the case; and Pruitt had an opportunity to discuss the case with his family. Pruitt also affirmed that he had given his trial counsel the names of witnesses, and his trial counsel contacted those witnesses. Pruitt affirmed that he had access to discovery and that his trial counsel explained the evidence to him. Pruitt also stated that it was his decision alone to enter the guilty pleas.
¶ 23. Based on our review of the record, the trial court thoroughly examined whether Pruitt’s guilty pleas were voluntary and whether Pruitt was satisfied with his trial counsel’s representation. As previously stated, the trial court was entitled to rely upon Pruitt’s initial pleas made under oath. See Templeton, 725 So.2d at 767 (¶ 10). Pruitt has failed to present any evidence besides his bare assertions to support his claims of ineffective assistance of counsel, and this is simply not enough. See Minchew v. State, 967 So.2d 1244, 1249 (¶ 15) (Miss.Ct.App.2007). Based on the foregoing, we find that Pruitt’s claim of ineffective assistance of counsel is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.