# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00755-COA

**MICHAEL W. PRUITT A/K/A MICHAEL WALLACE PRUITT A/K/A MICHAEL PRUITT**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:             04/01/2019
TRIAL JUDGE:                  HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:    MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MICHAEL W. PRUITT (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 04/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### J. WILSON, P.J., FOR THE COURT:

¶1.    In 2007, Michael Pruitt pled guilty to sexual battery, kidnapping, and aggravated assault and was sentenced to a total of life plus fifty years in the custody of the Department of Corrections.  In 2008, Pruitt filed his first motion for post-conviction relief (PCR).  The circuit court denied the motion, and this Court affirmed on appeal.  In 2019, Pruitt filed a second PCR motion, asserting claims similar to those advanced in his 2008 motion.  The circuit court again denied relief, and Pruitt appealed.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    This Court's opinion affirming the denial of Pruitt's prior PCR motion summarizes

the basic facts of this case:

> On August 14, 2006, Pruitt was indicted by a Marshall County grand jury for two counts of sexual battery, one count of touching a child for lustful purposes, one count of aggravated assault, and one count of kidnapping. On March 19, 2007, Pruitt filed a petition to enter a guilty plea to one count each of sexual battery, aggravated assault, and kidnapping.

> During the guilty plea proceeding, the State presented the underlying facts to be proven if his case had gone to trial. The State would prove that Pruitt kidnapped a six-year-old girl, fondled her, and attempted to have sexual intercourse with her. The State would prove that Pruitt took the child to an abandoned house where he shot her once in the head. After questioning, Pruitt confessed to the crime and led police to the victim, who was found alive. Pruitt acknowledged to the trial court that the information alleged by the State was in fact true.

> The trial court informed Pruitt of his constitutional rights and of the applicable sentencing range for the crimes. Pruitt acknowledged that he understood the consequences of his guilty pleas. The trial court asked Pruitt whether his pleas were voluntary, and Pruitt responded in the affirmative. The trial court also asked Pruitt whether he was satisfied with his trial counsel's representation, and Pruitt responded in the affirmative. After determining that there was a factual basis for Pruitt's pleas and that the pleas were intelligently and voluntarily made, the trial court accepted the guilty pleas. Pruitt was sentenced to life for sexual battery, twenty years for aggravated assault, and thirty years for kidnapping, with the sentences to run consecutively in the custody of the MDOC.

> On May 9, 2008, Pruitt filed a motion for post-conviction relief . . . . On September 24, 2008, the trial court denied Pruitt's motion, finding that he was not entitled to the requested relief.

*Pruitt v. State*, 53 So. 3d 24, 25-26 (¶¶2-5) (Miss. Ct. App. 2010) (paragraph numbering omitted), *cert. denied*, 53 So. 3d 760 (Miss. 2010).

¶3. In his 2008 PCR motion, Pruitt alleged that his guilty pleas were involuntary because he was (a) under the influence of anti-depressants and (b) coerced by his attorney and the district attorney. The circuit court and this Court rejected those claims. *Id.* at 26-27 (¶¶7-

13). This Court held, inter alia, "that the trial court made sufficient inquiry into Pruitt's mental competency" and that "there was no evidence to suggest that Pruitt lacked the ability to appreciate the effects of his guilty pleas." *Id.* at 27 (¶11). In his 2008 PCR motion, Pruitt also alleged that his attorney was ineffective for a variety of reasons. The circuit court and this Court rejected that claim as well. *Id.* at 27-29 (¶¶14-23). Therefore, this Court affirmed the judgment of the circuit court denying the PCR motion. *Id.* at 29 (¶24).

¶4. In 2019, almost nine years after this Court affirmed the denial of Pruitt's first PCR motion, Pruitt filed a second PCR motion. In this motion, Pruitt alleges that pursuant to former Uniform Rule of Circuit and County Court Practice 9.06[1] and *Sanders v. State*, 9 So. 3d 1132 (Miss. 2009), the circuit court was required to hold an on-the-record competency hearing prior to accepting his guilty pleas. Pruitt further alleges that the failure to conduct such a hearing rendered his pleas invalid. Pruitt also re-alleges that his pleas were coerced and that his attorney was ineffective. The circuit court denied Pruitt's second PCR motion because it was both an impermissible successive motion, Miss. Code Ann. § 99-39-23(6) (Rev. 2015), and barred by the three-year statute of limitations under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), *id.* § 99-39-5(2). Pruitt then appealed.

## ANALYSIS

¶5. On appeal from the denial of a PCR motion, we will not disturb the circuit court's factual findings unless they are clearly erroneous. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). We review issues of law de novo. *Id.*

---

[1] Effective July 1, 2017, former Rule 9.06 was deleted and replaced by Rule 12 of the Mississippi Rules of Criminal Procedure.

## I.      Competence to Plead Guilty

¶6.     To the extent that Pruitt's present PCR motion alleges that he was incompetent to plead guilty, it arguably implicates an exception to the UPCCRA's statute of limitations and bar on successive motions. *See Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014) (holding that an alleged violation of a defendant's "fundamental right not to be convicted while incompetent" is an exception to the successive-motions bar), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017). Therefore, we will address the merits of Pruitt's claim.[2]

¶7.     Prior to Pruitt's plea hearing, the circuit court appointed Dr. Criss Lott, a clinical psychologist, to examine Pruitt to determine whether he was sane at the time of the offense and whether he was competent to stand trial. Dr. Lott examined Pruitt and submitted a detailed report finding, to a reasonable degree of psychological certainty, that Pruitt was both sane at the time of the offense and competent to stand trial. Indeed, although "Pruitt report[ed] being depressed and distressed following the break-up with his girlfriend," Dr. Lott did not find that Pruitt was then suffering from any mental illness. Dr. Lott also found that Pruitt was "well stabilized . . . and not in need of any additional psychiatric treatment." Dr. Lott submitted his report to the court prior to Pruitt's plea hearing. The record in this

---

[2] To the extent that Pruitt's second PCR motion re-alleges that his guilty pleas were involuntary because they were "coerced" by his attorney and the district attorney, that claim *is* subject to the successive-motions bar and the statute of limitations. *E.g.*, *Porter v. State*, 281 So. 3d 935, 938 (¶14) (Miss. Ct. App. 2019); *Fields v. State*, 228 So. 3d 942, 945 (¶13) (Miss. Ct. App. 2017); *Vitela v. State*, 183 So. 3d 104, 107 (¶12) (Miss. Ct. App. 2015), *cert. denied*, 181 So. 3d 1010 (Miss. 2016). It is also a claim that this Court specifically rejected in our prior opinion. *Pruitt*, 53 So. 3d at 27 (¶¶12-13).

4

case does not show that the court conducted a formal competency hearing; however, during Pruitt's plea hearing, the judge found that Pruitt was "competent to offer a plea of guilty."

¶8. In the present appeal, Pruitt argues that the circuit court violated former Rule 9.06 because the rule required the court to hold a formal competency hearing. Rule 9.06 provided in relevant part:

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court . . . .
>
> After the examination the court *shall conduct a hearing* to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court *shall make the finding a matter of record* and the case will then proceed to trial.

URCCC 9.06 (replaced July 1, 2017) (emphasis added). In *Sanders*, our Supreme Court held that if a circuit court ordered a mental examination because the court had reasonable ground to believe that the defendant was incompetent, then Rule 9.06 strictly *required* the court to conduct a competency hearing and make an on-the-record finding as to whether the defendant was competent to stand trial. *Sanders*, 9 So. 3d at 1136 (¶16). Pruitt argues that the lack of a hearing and an on-the-record finding in this case renders his guilty pleas invalid. We disagree.

¶9. To begin with, it is not clear from the record that there was a violation of Rule 9.06. Pruitt claims that no competency hearing was held, and the State does not dispute his claim, but the record in this case includes only part of the record from the underlying criminal case.

5

The order appointing Dr. Lott is not part of this record, although it is quoted in part in Dr. Lott's report. The record in this case does not affirmatively show that the circuit judge who presided over the case ever had a "reasonable ground to believe" that Pruitt was incompetent to stand trial. This is potentially significant because, post-*Sanders*, the Mississippi Supreme Court held "that a trial court's competency evaluation order does *not* in and of itself conclusively (or necessarily) establish, for purposes of Rule 9.06's mandates, or appellate-review purposes, that the trial court had reasonable grounds to believe the defendant was incompetent to stand trial." *Pitchford*, 240 So. 3d at 1069 (¶42) (emphasis added). Rather, "[s]uch a determination must be based on the facts and circumstances attending each particular case." *Id.*

¶10. More important, though, a technical violation of Rule 9.06 as interpreted in *Sanders* would not render Pruitt's guilty pleas invalid. Pruitt pled guilty prior to the Supreme Court's decision in *Sanders*, and we have held that *Sanders*'s holding does *not* apply retroactively to cases that were already final when *Sanders* was decided. *Brown v. State*, 198 So. 3d 325, 331-32 (¶¶21-26) (Miss. Ct. App. 2015), *cert. granted*, 186 So. 3d 854 (Miss. 2016), *cert. dismissed*, No. 2014-CT-00434-SCT (Miss. Aug. 30, 2016), *cert. denied*, 137 S. Ct. 646 (2017). As this Court recently put it, *Sanders* has no "effect on [Pruitt's] 2007 conviction." *Hood v. State*, No. 2017-CP-00165-COA, 2020 WL 772649, at *3 (¶12) (Miss. Ct. App. Feb. 18, 2020). Thus, the lack of a formal competency hearing does not invalidate Pruitt's convictions.

¶11. Moreover, the record in this case demonstrates that Pruitt *was* competent to plead

6

guilty. Again, Dr. Lott found that Pruitt was competent to plead guilty and that he was not then suffering from any mental illness. In addition, during Pruitt's plea hearing, the circuit judge found that Pruitt was competent to plead guilty. In Pruitt's prior appeal, this Court also held "that the trial court made sufficient inquiry into Pruitt's mental competency" and that "there was no evidence to suggest that Pruitt lacked the ability to appreciate the effects of his guilty pleas." *Pruitt*, 53 So. 3d at 27 (¶11). Pruitt has presented no evidence that undermines our prior conclusions. Therefore, this issue is without merit.

## II. Ineffective Assistance

¶12. Pruitt's second PCR motion also re-alleges that his attorney provided ineffective assistance of counsel in connection with his plea bargain. Pruitt's claim is similar to claims that this Court rejected in his prior appeal. In essence, Pruitt alleges that his lawyer coerced him into accepting what Pruitt now considers a bad plea bargain. However, Pruitt's claim does not present any "extraordinary circumstances." Therefore, it is subject to the UPCCRA's statute of limitations and successive-motions bar. *Morales v. State*, No. 2018-CP-00737-COA, 2019 WL 3562031, at *4-5 (¶¶22-24) (Miss. Ct. App. Aug. 6, 2019) (holding that ineffective assistance of counsel can constitute an exception to the UPCCRA's procedural bars, but only in "extraordinary circumstances"), *cert. denied*, 2020 WL 1026513 (Miss. Feb. 27, 2020); *accord Brown v. State*, 187 So. 3d 667, 671 (¶7) (Miss. Ct. App. 2016) (citing *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015)).

¶13. Moreover, Pruitt's claim also fails on the merits. It is based entirely on Pruitt's unsupported assertions that his attorney coerced him into a bad bargain—a claim we rejected

7

in Pruitt's prior appeal because it was directly contradicted by Pruitt's own sworn statements during his plea colloquy. *See Pruitt*, 53 So. 3d at 27 (¶13) (rejecting similar claim).

## CONCLUSION

¶14. The circuit court properly denied Pruitt's second PCR motion.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**