887 So.2d 836 (2004)
Taiwan HEARVEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00125-COA.
Court of Appeals of Mississippi.
September 21, 2004.
Rehearing Denied November 30, 2004.
Taiwan Hearvey, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
*838 Before KING, C.J., LEE, P.J., IRVING and MYERS, JJ.
*837 LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 8, 2001, Maria Hernandez and Erica Salazar were shot to death. On August 9, 2001, Taiwan Hearvey, who was represented by Paul Moore and Kevin Howe, waived his right to a formal indictment. The State of Mississippi filed a criminal information charging Hearvey with the shootings. Hearvey pled guilty to both of the slayings. Hearvey was sentenced to serve two life sentences to run concurrently. After serving part of his sentence, Hearvey timely filed his motion for post-conviction relief. The trial court denied the motion without a hearing, and it is from this denial that Hearvey now appeals. On appeal, Hearvey raises the following assignments of error: (1) whether the plea colloquy was defective; (2) whether the trial court failed to determine that there was a factual basis for his plea of guilty; (3) whether Hearvey voluntarily and intelligently entered his guilty plea; and (4) whether Hearvey was ineffectively represented by counsel. Finding that all four assignments of error lack merit, this Court affirms the trial court's denial of Hearvey's motion for post-conviction relief.

STANDARD OF REVIEW
¶ 2. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Chancellor v. State, 809 So.2d 700, 701(¶ 5) (Miss.Ct.App.2001). A guilty plea is valid only if it is voluntarily and intelligently entered. Goss v. State, 730 So.2d 568, 573 (¶ 20) (Miss.1998). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." Banana v. State, 635 So.2d 851, 854 (Miss.1994). Additionally, claims for the ineffective assistance of counsel must be reviewed under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland test was applied to guilty pleas in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991).

DISCUSSION OF ISSUES

I. THE PLEA COLLOQUY
¶ 3. Hearvey argues that the plea colloquy was defective because "appellant was not asked to recite those acts he [was] alleged to have committed that would support a murder charge." Hearvey's argument claims that he had an "incomplete or imperfect understanding that proof of premeditation or malice aforethought was an essential element of the state's case." Hearvey further argues that he was unaware that if the State did not prove "such premeditation beyond a reasonable doubt, he could not be convicted of murder."
¶ 4. Before the trial court may accept a guilty plea, the court must "determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(3).
¶ 5. Although the State is correct in its assertion that the words "malice aforethought" do not appear in the plea colloquy, the State is also correct in its assertion that "[i]t has long been the case law of *839 this state that malice aforethought, premeditated design, and deliberate design all mean the same thing." Tran v. State, 681 So.2d 514, 517 (Miss.1996); Windham v. State, 602 So.2d 798, 801 (Miss.1992). "Definitionally, we regard `malice aforethought' and `deliberate design' as synonymous." Id. (quoting Blanks v. State, 542 So.2d 222, 227 (Miss.1989)). The information was sufficient in that it charged that Hearvey acted "unlawfully, willfully, feloniously and without authority of law and with the deliberate design to effect the death of [the victims]."
¶ 6. At the plea colloquy the trial judge read the information to Hearvey, and Hearvey told the court that he understood the offenses to which he was pleading guilty. The judge questioned Hearvey further as follows:
Q. Just tell me in your own words what you did. I know that you've gone over this with your attorney or whatever, but I just want you to tell me in your own words what you did so I'll know you know what you are pleading guilty to.
A. (Hearvey) On that day, June the 8th, me and Maria Hernandez had a little altercation, argument and stuff. I got mad and took the gun and shot her.
Q. Shot her and shot Erica.
A. (Hearvey) Yes, sir.
Q. And you knew this was against the law.
A. (Hearvey) Yes, sir.
¶ 7. The trial court did not err in finding that there was a factual basis for Hearvey's guilty plea. Furthermore, to warrant an evidentiary hearing regarding this claim, the movant must demonstrate, through affidavits or otherwise, the potential existence of facts that, if proven at the hearing, would entitle the movant to relief. Potts v. State, 755 So.2d 1196(¶ 5) (Miss.Ct.App.1999). Hearvey has failed to meet this burden. Accordingly, this argument lacks merit.

II. VOLUNTARY AND INTELLIGENT GUILTY PLEA
¶ 8. Hearvey argues that his guilty plea was not voluntarily and intelligently made. For a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea. Banana, 635 So.2d at 854. The record reflects that the trial judge questioned Hearvey regarding his understanding of the charges against him.
Q. [D]o you understand that you're asking the Court to accept your plea of guilty to the crime of murder for having back on the 8th of June of 2001 here in Calhoun County, Mississippi, having without any authority of law and with deliberate design having killed an individual by the name of Maria Hilda Hernandez in violation of the statutes and laws of this state? Do you understand that's what you're pleading guilty to?
A. (Hearvey) Yes, sir.
Q. Then in count two of that indictment do you understand you're asking the Court to accept your plea of guilty to murder for having back on the 8th of June of 2001 here in Calhoun County, Mississippi, having without any authority of law and with deliberate design killed and murdered an individual by the name of Erica Maldonado Salazar? Did you do that?
A. (Hearvey) Yes, sir.
*840 ¶ 9. Additionally, Hearvey signed the plea petition, which clearly acknowledged that Hearvey faced both a minimum and a maximum sentence of life in prison. Where the defendant's claims are in contradiction with the record, the trial judge may rely heavily on statements which were made under oath. Sherrod v. State, 784 So.2d 256, 260(¶ 15) (Miss.Ct.App.2001). Hearvey's sworn statements rebut his present argument that he pled guilty involuntarily. The trial court did not err in denying Hearvey's motion regarding a review of the voluntariness of his guilty plea. This argument lacks merit.

III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM
¶ 10. Hearvey claims that his attorney misadvised him by informing Hearvey that if he did not waive the indictment and plead guilty that a grand jury would indict him as an habitual offender. Hearvey argues that this advice had an adverse effect on him because "if he had been informed of all elements of the crimes, he would have insisted on his case going in front of a grand jury and if a `true bill' emerged insisted on going to trial in front of a jury of his peers." Hearvey also adds that this "unprofessionalism" prejudiced him because he could not "confront his accusers or cross-examine same."
¶ 11. In a claim for the ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991). Hearvey has not met this burden.
¶ 12. The statute regarding habitual offenders is found at section 99-19-83 of the Mississippi Code Annotated (Rev.2000). That section provides that every person convicted of a felony in this state who has been twice previously convicted of a felony and has been sentenced to and served separate terms of one year or more, whether in this state or another state, and where any one of the felonies was a crime of violence "shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss.Code Ann. § 99-19-83. Hearvey had two prior felony convictions  a conviction for burglary and a conviction for aggravated assault. Hearvey, indeed, could have been indicted as an habitual offender. Hearvey has failed to show that his counsel's performance was deficient, therefore he fails to meet the first criteria under Strickland. This argument lacks merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.